IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

KELLY BRODIE, DR. JOHN HEFFRON,
KATHERINE KING, DR. MICHAEL LANGENFELD,
KATHERINE RALL, and JAMIE SHAW,

                Plaintiffs,                      No. 1-20-cv-4-CRW-SBJ

vs.                                             ORDER

JERRY R. FOXHOVEN, in his official and
individual capacities, RICHARD SHULTS,
in his official and individual capacities,
JERRY REA, in his official and individual
capacities, MOHAMMAD REHMAN, in his
official and individual capacities, GLENWOOD
RESOURCE CENTER, and IOWA DEPARTMENT
OF HUMAN SERVICES,
                Defendants.

      Plaintiffs are former employees of the defendant Glenwood Resource Center (GRC). Plaintiffs allege in Count I of the Amended Complaint that defendants Foxhoven, Shults, Rea, and Rehman violated plaintiffs' First Amendment rights. They allege in Count II that defendants Foxhoven, Shults, Rea, and Rehman conspired to violate plaintiffs' constitutional rights (Count II). Plaintiffs allege in Count III that all defendants wrongfully terminated them in violation of public policy. Plaintiffs allege in Count IV that all defendants conspired to terminate wrongfully plaintiffs' employment. They allege in Count V that all defendants violated the Iowa Whistleblower Statue, Iowa Code section 70A.28. Plaintiffs Heffron and Langenfeld allege in Count VI that all defendants tortiously interfered with the physician-patient relationship.

1

On May 12, 2020, the court held a hearing by telephone conference call on defendants' resisted motion to dismiss (Docket # 10). The court heard argument, then allowed plaintiffs to file an amended complaint and allowed the parties to file supplemental briefs. The matter is now deemed submitted for ruling.

Counts I and II. Defendants seek to dismiss Counts I and II, the claims asserting violation of federal civil rights, contending that plaintiffs' First Amendment rights were not implicated because they acted pursuant to their official duties. Plaintiffs, whose duties included GRC program management and the administration and provision of treatment services, contend they were retaliated against for voicing objection or opposition. Plaintiffs contend they reported to government officials and policy makers plaintiffs' dissatisfaction with numerous operational, clinical, and management issues at GRC. Plaintiffs complained about the "general lack of care at GRC and implementation of programs and methods" there. (Amended Complaint, 24).

The speech at issue in this lawsuit appears more like the speech addressed in Garcetti v. Ceballos, 547 U.S. 410 (2006) (speech in disposition memo that employee was employed to write) than the speech involved in Lane v. Franks, 573 U.S. 228 (2014)(speech in testimony the employee gave under oath and outside the scope of his ordinary job responsibilities). Here, employees who were employed to administer and provide treatment services spoke in opposition to policies involving the implementation and operation of the treatment services. The controlling factor is that the expressions at issue were made pursuant to plaintiffs' duties. As such, the First Amendment is not implicated. The court grants defendants' motion to dismiss Counts I and II.

Counts III, IV, and VI. Defendants urge the dismissal of Counts III, IV, and VI on the ground that there has been no final disposition of their administrative claims pursuant to

the Iowa Tort Claims Act. The Court will revisit this issue by October 1, 2020, after allowing time for the Iowa Tort Claims issues to be decided in Iowa Administrative and Iowa Court proceedings.

<ins>Count V</ins>. Defendants' motion does not address Count V.

IT IS SO ORDERED.

Dated this 6th day of July, 2020.

CHARLES R. WOLLE, JUDGE
U.S. DISTRICT COURT

3